UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TARA SHAW, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO. 21-1540**

**RESTORATION HARDWARE, INC.**                             **SECTION "B"(2)**

ORDER AND REASONS

Before the Court are defendant's opposed motions to dismiss (Rec. Docs. 8, 14), plaintiffs' memoranda in opposition (Rec. Docs. 12, 21), and defendant's replies in support of dismissal (Rec. Docs. 18, 24). For the following reasons,

**IT IS ORDERED** that the motion to dismiss the "first" amended complaint (Rec. Doc. 14) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the motion to dismiss the original complaint (Rec. Doc. 8) is dismissed as **MOOT**.

I.   **FACTS AND PROCEDURAL HISTORY**

This August 14, 2021 filed action involves breach of contract and detrimental reliance claims wherein defendant Restoration Hardware ("RH") allegedly failed to seek permission from plaintiffs Tara Shaw ("Ms. Shaw") and Tara Shaw Designs, LTD. (collectively "plaintiffs") prior to using plaintiffs' factories and artisans to manufacture unlicensed products. Rec Doc. 1.

Plaintiff Ms. Shaw is a New Orleans based antique dealer and designer. *Id.* In 2013, RH approached Ms. Shaw about licensing some of her designs for sales in its stores. *Id.* In 2014,

1

Plaintiffs entered into a written contract with RH whereby plaintiffs agreed to license some of their designs for furniture, lighting, and household décor in return for a royalty based upon the sales of those items. *Id.* Thereafter, Ms. Shaw alleges that RH approached her and requested that she allow RH to have her designs manufactured by plaintiffs' factories and artisans, whom Ms. Shaw had set up and trained. *Id.* RH allegedly explained to Ms. Shaw that it preferred to use plaintiffs' factories and artisans because those factories and artists already manufactured plaintiffs' designs. Rec. Doc. 1. Based on an alleged oral promise to Ms. Shaw, RH would not use her factories/artisans to manufacture any other products without plaintiff's permission. *Id.*

Based on information learned in early 2020, plaintiffs contend RH never contacted them or sought Ms. Shaw's permission before using plaintiffs' factories and artisans to manufacture other unlicensed décor items. Rec. Doc. 1. Plaintiffs contacted RH about its use of the factories to produce unlicensed products, but RH denied the existence of any promise or agreement to compensate plaintiffs. *Id.* On or about August 14, 2021, plaintiffs filed a complaint alleging they suffered damages in the form of unpaid compensation.

On or about September 30, 2021, defendants filed a motion to dismiss plaintiffs' claims. Rec. Doc. 8. They argue the agreement between RH and plaintiffs was nothing more than an "agreement to

agree" later. Defendant's argue that Ms. Shaw's permission was conditioned on RH and plaintiffs entering into a separate agreement to compensate plaintiffs for the use of their factories and artisans. *Id.* Furthermore, RH asserts plaintiffs' detrimental reliance claim fails for two distinct reasons: (1) plaintiffs have not alleged any facts to show they changed their position to their detriment; and (2) plaintiffs failed to allege a sufficiently specific promise. *Id.*

On or about October 15, 2021, plaintiffs filed their "first" amended complaint, allegedly to address issues raised in RH's motion to dismiss the original complaint. *See* Rec. Doc. 11. On or about that same date, plaintiffs filed a memorandum in response to the motion to dismiss, arguing that it had been rendered moot by the amended complaint. *See* Rec. Doc. 12. Plaintiffs also point to the addition of an alternative claim for unjust enrichment "out of an abundance of caution." *Id.*

On or about October 26, 2021, defendant filed a reply memorandum asserting, among other things, that the amended complaint failed to allege an enforceable contract and failed to state a claim for either detrimental reliance or unjust enrichment. *See* Rec. Doc. 18. On that same day defendant filed a second motion to dismiss, targeting the amended complaint. *See* Rec. Doc. 14. The arguments raised in that motion are identical to the assertions defendant presented in its reply memorandum, discussed *supra*. *Id.*

3

On or about November 9, 2021, plaintiffs filed a response in opposition. Rec. Doc. 21. Thereafter, on or about November 11, 2021, defendant filed a reply. Rec. Doc. 24.

## II. LAW AND ANALYSIS

### A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of

4

facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560-61, 127 S.Ct. 1955; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However, the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are]...rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

    i.   <u>Breach of Contract</u>

To succeed on a breach of contract claim, the plaintiff must prove the existence of the contract, a breach of the obligations therein, and damages. *Allday v. Newpark Square I Off. Condo. Ass'n, Inc.*, 20-358 (La. App. 5 Cir. 8/18/21); *84 Lumber Co. v. Paschen*, No. CV 12-1748, 2017 WL 3425955, at *2 (E.D. La. Aug. 8, 2017) (Vance, J.); *New Orleans Craft Temple, Inc. v. Grand Lodge of Free Masons of the State of Louisiana*, 13-525 (La. App. 5 Cir. 12/19/13), 131 So.3d 957, 964; *Favrot v. Favrot*, 10-986 (La. App. 4 Cir. 02/09/11), 68 So.3d 1099, writ denied, 11-636 (La. 05/06/11), 62 So.3d 127. Louisiana law is also clear on the unenforceability of agreements to agree. *McNeely v. Town of Vidalia*, 157 La. 338, 102 So. 422 (1924) ("an agreement to agree is no agreement at all, since either party may avoid it by mere failure to agree.") The law requires a meeting of the minds on the essential elements of an agreement to form a valid contract. *See Conkling v. Turner*, 18 F.3d 1285, 1302-03 (5th Cir. 1994) (applying

5

Louisiana law). "[W]here an agreement leaves essential terms open for future negotiations, it is not a binding contract but, rather, an unenforceable 'agreement to agree.'" *APS Cap. Corp. v. Mesa Air Grp., Inc.*, 580 F.3d 265 (5th Cir. 2009); *see also Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 323 (5th Cir.2006).

In *McNeely v. Town of Vidalia*, a municipality granted a franchise to a ferry operator. 102 So. 422 (La. 1924). The contract fixed the rates on most types of traffic, but provided that any rates not fixed in the contract should be set by "agreement" of the parties. *Id.* The rate for automobiles had not been set, and after the municipality set a rate for automobiles without the agreement of the ferry operator, the ferry operator sued to enjoin the use of this rate. *Id.* The Louisiana Supreme Court held that this provision was not enforceable because "an agreement to agree is no agreement at all, since either party may avoid it by a mere failure to agree" *Id.* at 423 (emphasis added).

The Fifth Circuit has followed the same reasoning. In *Dumas v. First Federal Savings & Loan Ass'n*, the Fifth Circuit examined a letter agreement that the district court found unenforceable. 654 F,2d 359 (5th Cir. Unit B 1981). The court ruled that the letter agreement should be "characterized as 'an agreement to seek to agree in the future' and not as a final contract." *Id.* at 360-61 (internal citations omitted). The Fifth Circuit went on to explain:

> Clearly, "mutually acceptable" connotes that the terms of the agreement are still subject to negotiation and not final. Any other reading would obfuscate the plain meaning of the language.

*Id.* at 360. "If terms and conditions are left to future negotiations, the requisite meeting of the minds is absent, and no contract is formed." *Id.*

Here, defendant asserts that plaintiffs' breach of contract claim must be dismissed given the contract defendant allegedly breached is unenforceable under state law. *Id.* According to the defendant, the oral contract between the parties was merely an agreement that the parties would seek to agree later to a contract regarding Ms. Shaw's compensation. *Id.* Further, defendant alleges the contract fails because it lacks essential terms such as a certain amount of compensation owed to Ms. Shaw, any basis for determining the amount of compensation, and any certainty that an agreement would even be reached in the future. *Id.* On the other hand, plaintiffs contend the amended complaint sufficiently alleged a breach of contract cause of action. Rec. Doc. 21. Plaintiffs disagree with defendant's characterization of the oral contract as an unenforceable "agreement to agree." Instead, plaintiffs assert that the section of the contract calling for RH to seek permission from Ms. Shaw by agreeing to a future contract is nothing more than a "boilerplate contractual provision." *Id.*

7

Plaintiffs' claim rests on the allegation that RH breached their oral agreement when it allegedly failed to gain Ms. Shaw's permission before using plaintiffs' facilities and artisans to manufacture unlicensed products. The contract at issue is one in which plaintiffs agreed to divulge the identity of their factories and artisans to RH, with RH agreeing to solely use those factories and artisans to manufacture products licensed from plaintiffs. The contract further called for RH to seek plaintiffs' permission prior to using those entities to create unlicensed products. The amended complaint explicitly states that Ms. Shaw's permission was not guaranteed; instead, the only way RH would have gained permission is by entering into a separate contract to compensate plaintiffs. Thus, by plaintiffs' own allegations, this contract was an oral agreement that the parties would agree to a compensation contract in the future if RH decided to utilize plaintiffs' factories to manufacture unlicensed works. Such a future contract is clearly conditional on (1) RH wanting to manufacture unlicensed products and (2) both parties reaching a mutual agreement on compensation. Either party could have avoided the future contract by merely failing to agree to the proposed compensatory terms. Therefore, this contract is nothing more than an unenforceable agreement to agree, or rather an agreement to negotiate in the future.

    ii.   <u>Detrimental Reliance</u>

Detrimental reliance is codified in La. Civ. Code art.1967 which states, in pertinent part,

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. *E. Tangipahoa Dev. Co., LLC v. Bedico Junction, LLC*, 2008-1262 (La. App. 1 Cir. 12/23/08), 5 So. 3d 238, writ denied, 2009-0166 (La. 3/27/09), 5 So. 3d 146; *see Cenac v. Orkin, L.L.C.*, 941 F.3d 182, 197-198 (5th Cir. 2019)(quoting *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co. (Bethea)*, 376 F.3d 399, 403 (5th Cir. 2004). To prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract. *Id.* Rather, in determining whether a claim for detrimental reliance has been established, the focus is on whether the plaintiff proved five elements by a preponderance of the evidence: (1) the defendant made a promise to the plaintiff; (2) the defendant knew or should have known the promise would induce the plaintiff to rely on it to the plaintiff's detriment; (3) a change in plaintiff's position to one's detriment because of the

9

reliance; (4) the reliance was reasonable; and (5) resulting damages. *Wooley v. Lucksinger*, 06-1167 (La. App. 1 Cir. 05/04/2007), 961 So.2d 1228, 1238. If the plaintiff suffered no damage in reliance on a promise, there was no detrimental reliance. *Jackson v. Lare*, 34,124 (La. App. 2 Cir. 11/1/00), 779 So. 2d 808. It is difficult to recover under the theory of detrimental reliance because such claims are not favored under Louisiana law. *May v. Harris Mgmt. Corp.*, 2004-2657 (La. App. 1 Cir. 12/22/05), 928 So. 2d 140; *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). Accordingly, all detrimental reliance claims must be examined carefully and strictly. *May v. Harris Mgmt. Corp.*, 2004-2657 (La. App. 1 Cir. 12/22/05), 928 So. 2d 140; *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). Furthermore, Louisiana's civil law treatise is instructive as to detrimental reliance claims:

> A promise must be distinguished from tentative discussions between the parties or preliminary business negotiations which the parties do not intend to be binding. An agreement to agree in the future, or to negotiate a contract in the future, is nothing more than negotiation. Moreover, a prediction, recommendation, or opinion, or a statement expressing an expectation or an assumption, is not a promise.

§ 19:8. Detrimental reliance, 18 La. Civ. L. Treatise, Civil Jury Instructions § 19:8 (3d ed.).

Plaintiffs' detrimental reliance claim fails for two distinct reasons. First, plaintiffs have failed to provide any factual

support that they suffered damages due to their alleged detrimental reliance. As discussed *supra*, resulting damage is a necessary element that must be sufficiently pled to claim detrimental reliance. In their amended complaint, plaintiffs allege suffering damages in the form of unpaid compensation; however, RH never promised plaintiffs compensation. Instead, the only promise RH made to plaintiff was that it would seek plaintiffs' permission prior to using plaintiffs' factories and artisans to make unlicensed goods. According to plaintiffs' allegations, "RH understood that permission to use Plaintiffs' factories and artisan to manufacture any products not licensed … would only be given *if* RH entered into a separate agreement with Plaintiffs" agreeing to compensate plaintiffs. (Emphasis added). Clearly, the promise at issue did not deal with compensation as per plaintiffs' own admissions. Instead, the agreement to pay plaintiff was secondary and conditional on RH wanting to manufacture unlicensed products.

Moreover, the only damage plaintiffs suffered from RH's alleged reneging on its promise to seek permission was an opportunity to *negotiate* for compensation. Plaintiffs compensation was not part of the alleged promise; rather, the promise merely encompassed the possibility of a subsequent and separate agreement to compensate plaintiffs. By contrast, consider if the promise at issue would have entailed RH promising to use plaintiffs' factories

11

and artisans only to manufacture licensed goods and promising to compensate plaintiffs for any unlicensed manufacturing. The latter situation is distinguishable from the facts at bar. In that scenario, the defendant's reneging on the promise would have directly resulted in the plaintiff being deprived of compensation. In other words, the damages element would be satisfied given RH promised to compensate plaintiffs for its unlicensed manufacturing. But that is not the case here. The promise at issue only involved RH seeking permission, i.e., agreeing to a separate compensation agreement in the future, which is nothing more than a promise to negotiate for compensation in the future. Because plaintiffs have not and cannot satisfy the damages element, their claim for detrimental reliance against defendant RH must be dismissed.

    iii. <u>Unjust Enrichment</u>

The Louisiana Supreme Court articulates five elements for unjust enrichment claims:

    (1) there must be an enrichment;

    (2) there must be an impoverishment;

    (3) there must be a connection between the enrichment and resulting impoverishment;

    (4) there must be an absence of "justification" or "cause" for the enrichment and the impoverishment; and

(5) there must be no other remedy at law available to the plaintiff.

*See Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995). If an unjust enrichment remedy is subsidiary and the law provides another form of recovery, the unjust enrichment claim is rendered unavailable. La. Civ. Code Ann. art. 2298; *Riley v. Cantrell*, No. CV 19-13950, 2021 WL 2680211 (E.D. La. June 30, 2021). Furthermore, "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *See Bureau Veritas Commodities and Trade, Inc., v. Nanoo*, No. 20-3374, 2021 WL 2142466, at *7-8 (E.D. La. May 26, 2021)(Vance, J.)(citing *Walters v. MedSouth Rec. Mgmt., LLC*, 38 So. 3d 243, 244 (La. 2010)); *see also Riley v. Cantrell*, No. CV 19-13950, 2021 WL 2680211 (E.D. La. June 30, 2021).

In *Riley v. Cantrell*, plaintiff Warren Riley filed suit against Mayor-Elect Latoya Cantrell ("Mayor Cantrell") for an unkept promise of employment and breach of an employment contract. 2021 WL 2680211. Before she was appointed as Mayor of the city of New Orleans, Mayor Cantrell made an offer to employ plaintiff as the new Director of Homeland Security and Public Safety in her incoming administration. *Id.* at *1. Plaintiff accepted the offer of employment, signed an employment agreement, passed a background check, resigned from his position with the Federal Emergency

13

Management Agency in Georgia, and moved to New Orleans. *Id.* Subsequently, Mayor Cantrell withdrew the offer of employment just before plaintiff was scheduled to assume the position. *Id.* Plaintiff then filed suit for breach of contract, detrimental reliance, and unjust enrichment. *Id.*

Regarding Riley's claim for unjust enrichment, the court began by articulating the five elements a plaintiff must prove for such a claim. *Riley*, 2021 WL 2680211 at *11. Ultimately, the court found the claim failed because Riley could not satisfy the final element, that there was no other remedy available at law, e.g. detrimental reliance. *Id.*  More importantly, "even if the Court had determined that Mr. Riley had no cause of action for either detrimental reliance or breach of contract, Mr. Riley could not prove that fifth element of his unjust enrichment cause of action because 'the mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.'" *Id.* Moreover, the U.S. Fifth Circuit, in *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, held that, as a matter of substantive Louisiana law, a claimant was "not entitled to relief ... under the theory of unjust enrichment" when it cannot prove "a lack of other remedy at law." 201 F. App'x 988, 990-91 (5th Cir. 2006).

14

Likewise, in *Walters v. MedSouth Rec. Mgmt., LLC*, the Louisiana Supreme Court held that a plaintiff "failed to state a cause of action in unjust enrichment" when "the law provided plaintiff with another remedy." 38 So. 3d 243, 244 (La. 2010). Additionally, the Walters court found that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* In other words, even though a plaintiff may not succeed when it pursues its other available remedies, there is no cause of action in unjust enrichment if such a remedy exists. *Id.; see also Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443-44 (5th Cir. 2014) ("The important question is whether another remedy is available, not whether the party seeking a remedy will be successful.")

Invoking Louisiana Civil Code article 2298, which provides "a person who has been enriched without cause at the expense of another person is bound to compensate that person[,]" plaintiffs allege in the amended complaint they provided valuable information to RH, including the identity of artisans and factories for which they were not compensated. Defendant seeks dismissal of the unjust enrichment claim because plaintiffs cannot prove the lack of an alternative remedy.

Plaintiffs' unjust enrichment claim is based on the defendant's alleged use of "factories and artisans to manufacture

15

products that do not embody designs licensed from plaintiffs without obtaining permission from and paying compensation" to plaintiffs. The same alleged conduct is the basis of plaintiffs' other claims in this litigation. Therefore, the Court finds that plaintiffs cannot succeed in proving the fifth element of the unjust enrichment claim: absence of another remedy at law.

As determined earlier, the claims for breach of contract and detrimental reliance fail. Nonetheless, the failure on those claims would not lead to recovery under an unjust enrichment theory. *See Riley*, 2021 WL 2680211 at *11; *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*, No. CV 20-3374, 2021 WL 2142466 (E.D. La. May 26, 2021) (holding plaintiff did not succeed in proving the fifth element of its claim for unjust enrichment, absence of another remedy at law, because plaintiff pled other causes of action.).

**Consent Motion to Extend Deadline to Amend Pleadings (Rec. Doc.43)**

On January 4, 2022 plaintiffs were granted an extension until February 2nd to amend pleadings. Rec. Doc. 28. Plaintiffs sought the extension because they believed "that additional parties may need to be added … [after] evaluat[ing] Defendant's discovery responses…". Quote from Rec. Doc. 27 at p. 2. The extension request did not indicate a need for another amendment as to the existing defendant, RH. Id. Accordingly, further amendment of the complaint as to that defendant would be futile and dismissal of

16

claims against that defendant, RH, is in order. Despite the instant first amended complaint and subsequent opportunity for another amendment, plaintiffs request another extension to amend their pleadings. Rec. Doc. 43. As before, the reason given for the extension is to evaluate defendant's additional discovery responses based on plaintiffs' belief that "additional parties may need to be added to the complaint." Id. at p. 2, ¶8. We find again no request or basis for amending pleadings against the existing defendant RH and, relatedly, no reason to delay the foregoing ruling on that defendant's motion to dismiss. Accordingly,

**IT IS FURTHER ORDERED** that the motion to extend the deadline to amend pleadings to **March 9, 2022** is **granted** for the above-mentioned purpose, i.e. adding additional parties.

New Orleans, Louisiana this 4th day of February, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE