## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TARA SHAW, ET AL.                              CIVIL ACTION

VERSUS                                         NO. 21-1540

RESTORATION HARDWARE, INC.                     SECTION "B"(2)

### ORDER AND REASONS

Oral argument on plaintiffs' motion for reconsideration (Rec. Doc. 45) was received on Wednesday, April 6, 2022. Accordingly, after consideration of the arguments from all parties' counsel, the record, and applicable law, **IT IS ORDERED** that plaintiffs' motion for reconsideration (Rec. Doc. 45) is **DENIED**.

### I.    FACTS AND PROCEDURAL HISTORY

The facts of this case are laid out in greater detail in the Order and Reasons granting defendant's 12(b)(6) motion to dismiss and are incorporated by reference here. Rec. Doc. 44. In brief, this dispute involves breach of contract, detrimental reliance, and unjust enrichment claims. Plaintiffs claim pursuant to an alleged oral agreement, defendant Restoration Hardware ("RH") failed to consult with plaintiffs Tara Shaw ("Ms. Shaw") and Tara Shaw Designs, LTD. (collectively "plaintiffs") prior to using factories and artisans identified by plaintiffs to manufacture unlicensed products. Rec Doc. 11. Plaintiffs concede that defendant has complied with a written agreement that allowed defendant to use the identified factories and artisans to produce

1

plaintiffs' designed items. That agreement expressly gave defendant that right to sell the latter items and plaintiffs the right to royalties from such sales. Plaintiffs also concede they have no ownership or possessory control over the identified factories and artisans.

On August 14, 2021, plaintiffs filed suit in this court, generally alleging they suffered damages in the form of unpaid compensation. Thereafter, on September 30, 2021, defendants filed a motion to dismiss plaintiffs' claims. Rec. Doc. 8. On or about October 15, 2021, plaintiffs filed their "first" amended complaint, allegedly to address issues raised in RH's motion to dismiss the original complaint. *See* Rec. Doc. 11. On or about that same date, plaintiffs filed a memorandum in response to the motion to dismiss, arguing that it had been rendered moot by the amended complaint. *See* Rec. Doc. 12. Plaintiffs also pointed to the addition of an alternative claim for unjust enrichment "out of an abundance of caution." *Id.*

On or about October 26, 2021, defendants filed a reply memorandum asserting, among other things, that the amended complaint failed to allege an enforceable contract and failed to state a claim for either detrimental reliance or unjust enrichment. *See* Rec. Doc. 18. On that same day defendant filed a second motion to dismiss, targeting the amended complaint. *See* Rec. Doc. 14. On or about November 9, 2021, plaintiffs filed a response in

opposition. Rec. Doc. 21. Thereafter, on or about November 11, 2021, defendant filed a reply. Rec. Doc. 24.

On February 4, 2022, this Court issued an Order and Reasons granting defendant's motion to dismiss plaintiffs' amended complaint, but also granting plaintiffs' motion requesting an extension of time to file an amended complaint for the limited purpose requested by plaintiffs to add additional party defendants. Rec. Doc. 44. On March 7, 2022, plaintiffs filed a motion for reconsideration of this Court's Order and Reasons (Rec. Doc. 44) and leave to file a second amended complaint. Rec. Doc. 45. Thereafter, this Court issued an order setting oral argument on plaintiffs' motion for reconsideration for April 6, 2022, in open court. Rec. Doc. 46. Defendant Restoration Hardware submitted its opposition to plaintiffs' motion for reconsideration on March 29, 2022. Rec. Doc. 50.

## II.  <u>LAW AND ANALYSIS</u>

### A. **Motion for Reconsideration Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir.2004). However, motions filed after judgment requesting that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order [,] or proceeding under Federal

3

Rule of Civil Procedure 60(b). *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion is filed within twenty-eight days of the judgment or order at issue, the motion can be brought under Rule 59(e). *Id.* When filed after, the motion falls under Rule 60(b). *Id.*

Thirty-one days after the dismissal order was issued, plaintiffs filed the motion for reconsideration on March 7, 2022. Because the motion was filed more than 28 days from the dismissal order, the motion is deemed to be one for relief from a final judgment, order, or proceeding under Federal Rule 60(b).

Federal Rule of Civil Procedure 60(b) Standard

Under Rule 60(b), a party must show entitlement to relief under one of the following specific grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60.

The Fifth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the [five] preceding clauses," and when "'extraordinary circumstances' are present." *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV H-19-3386, 2022 WL 138030 (S.D. Tex. Jan. 14, 2022) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1851 (1996)); *see also Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019)(per curiam) ("Rule 60(b)(6) is a catchall provision that allows for the granting of relief from a judgment for 'any ... reason that justifies relief' other than those reasons listed in Rule 60(b)(1)-(5).").

Furthermore, the extraordinary relief afforded by "Rule 60(b) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made." *Rogers v. Boatright*, 670 F. App'x 386, 387 (5th Cir. 2016) (per curiam) (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). Furthermore, "when there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *RedHawk Holdings Corp. v. Schreiber*, No. 17-819, 2022 WL 43624, at *2 (E.D. La. Jan. 5, 2022) (quoting *Ferraro v. Liberty Mut. Ins. Co.*, No. 13-4992, 2014 WL 5324987, at *1 (E.D. La. Oct. 17, 2014)).

Plaintiffs seek reconsideration of: (1) the ruling allowing them to file an amended complaint for the limited purpose of adding new party defendants; and (2) the dismissal of their unjust enrichment claim. Rec. Doc. 45. As basis, plaintiffs assert that pursuant to Federal Rule of Civil Procedure 15(a), the Court should have granted leave to amend their first amended complaint against RH, rather than limiting their amendment to the addition of other party defendants. Likewise, plaintiffs also assert there was erroneous reliance upon dicta from another opinion in dismissing the unjust reliance claim – described by plaintiffs as an alternative claim "out of an abundance of caution". Rec. Doc. 11.

Plaintiffs assert a "judicial error or mistake" was made in the interpretation and application of Rule 15(a) and the laws of this jurisdiction regarding claims for unjust enrichment. As earlier stated, evaluation is more appropriate pursuant to Rule 60(b)(1). *See Wallace v. Magnolia Fam. Servs., L.L.C.*, No. CIV.A. 13-4703, 2015 WL 1321604 (E.D. La. Mar. 24, 2015), *aff'd*, 637 F. App'x 786 (5th Cir. 2015) (quoting Hill v. McDermott, Inc., 827 F.2d 1040, 1043 (5th Cir.1987) ("Rule 60(b)(1) ... allow[s] relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts

with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.")).

**B. Plaintiffs' Request for Leave to Amend**

Plaintiffs argue the proposed Second Amended Complaint ("SAC") should be allowed because Rule 15(a) requires the trial court to grant leave to amend freely and such an amendment would address the perceived defects in plaintiffs' previously filed complaints.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." While granting leave to amend is entrusted to the discretion of the trial court, *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir.1999), the Fifth Circuit has explained that "the term 'discretion' in this context 'may be misleading, because Fed. R. Civ. Proc. 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir.2004). Nevertheless, the Fifth Circuit uses five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, leave should be "freely given."

Here, plaintiffs assert that because they requested leave to file an amended complaint, it was error to state "no request … for amending pleadings against RH" was made. However, plaintiffs omits the additional language in that quote. Specifically, the Court found "no request **or basis** for amending pleadings against RH." Plaintiffs are correct that they requested leave to amend in their opposition. However, critical aspects here must be acknowledged. Whether to grant leave is left to the discretion of the Court. And, leave to amend is by no means automatic. *See Matias v. Taylors Int'l Servs., Inc.*, No. CIV.A. 09-3256, 2010 WL 3825402 (E.D. La. Sept. 24, 2010). After reviewing the complaints and defendant's motions to dismiss, the Court concluded that any subsequent amendments against RH would be futile, thereby denying plaintiffs leave to amend as to that defendant. That ruling was well within this Court's discretionary power. *See Mayeaux*, 376 F.3d at 425.

It is peculiar that plaintiffs are seeking reconsideration of an order that essentially granted plaintiffs' own request. On February 4, 2022, plaintiffs filed a motion for an extension of deadlines to amend pleadings (Rec. Doc. 43), stating that "[they] believe that additional parties may need to be added to the Complaint." Plaintiffs also alleged that "[they] [would] need adequate time to evaluate Defendant's discovery responses and document production once they are produced and to otherwise evaluate the need to amend their Complaint." Taking this into

consideration, the Court granted plaintiffs motion for the limited purpose of adding additional parties, as they requested. Now it seems plaintiffs have determined that no other parties can or will be added to this litigation and now seek a "do over" to re-plead the same claims against RH.

After reviewing the proposed SAC and comparing it to the previously filed complaints, plaintiffs have intentionally deleted several factual allegations that were previously undisputed. *Compare* Rec. Doc. 11, *with* Rec. Doc. 45-1. For example, plaintiffs removed all allegations regarding any understanding between the parties that RH might obtain permission to use plaintiffs' factories and artisans to manufacture unlicensed products. *Compare* Rec. Doc. 11, *with* Rec. Doc. 45-1. Plaintiffs also removed all allegations asserting that RH made a promise to plaintiffs. *Compare* Rec. Doc. 11, *with* Rec. Doc. 45-1. The proposed SAC also lacks the previously asserted allegation that plaintiffs' detrimental reliance claim was based on RH's promise to enter into a separate compensation agreement with plaintiffs. Rec. Doc. 45-1.

RH has already demonstrated that plaintiffs' complaints lack factual support for their claims based on the allegations presented. Forcing the defendant to again address these claims, for a third time, given the plaintiffs' many deletions, would force the defendant to prove facts that were previously alleged and undisputed. Taking it one-step further, not only would the

9

defendant be prejudiced, but this Court would also be forced to overlook and turn a blind eye to all plaintiffs' previous allegations, which were the basis of this Court's Order and Reasons. There is no good cause for the SAC because it merely attempts to re-assert the same claims in conclusory fashion again.

Untimeliness of Plaintiffs' Request for Leave to Amend

Even assuming *arguendo,* the Court considered granting plaintiffs leave to file their amended complaint, such relief is not proper under Rule 15(a) alone, as plaintiffs have alleged. Rather, Rule 16(b)(4) controls, when as here, a scheduling order is in place and plaintiffs pleading amendment is sought after the expiration of the scheduling order deadline. Fed. R. Civ. P. 16(b)(4). Notably, the rule makes evident that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* The good cause requirement necessitates the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)); *Williams v. Huntington Ingalls Inc.*, No. CV 19-1218, 2022 WL 494381 (E.D. La. Feb. 1, 2022). The Fifth Circuit has also stated that courts in this jurisdiction should consider four factors in a Rule 16(b) inquiry: "(1) the explanation for the failure to [timely move for leave to

10

amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Lisa Larocca, Plaintiff-Appellant, v. Alvin Independent School District, Defendant-Appellee.*, No. 21-40043, 2022 WL 1001442 (5th Cir. Apr. 4, 2022) (quoting *S&W Enterprises, L.L.C.*, 315 F.3d at 536).

Here, the Court's Scheduling Order expressly stated that all amendments to pleading were due no later than January 3, 2022. However, on that date, plaintiffs filed a motion to extend the deadline to amend their pleading by thirty (30) days. Rec. Doc. 27. In that motion, plaintiffs asserted that good cause existed for granting their motion because they required additional time "to evaluate Defendant's discovery responses once they are produced and to otherwise evaluate the need to amend their complaint." *Id.* Based on that, plaintiffs "believe[d] that additional parties may need to be added to the [c]omplaint." *Id.* The Court ruled that good cause had been shown and granted plaintiffs' motion, extending the deadline to February 2, 2022. Rec. Doc. 28. Subsequently, on February 2, 2022, plaintiffs again filed a motion for an extension of deadlines to amend pleadings, asserting that good cause existed for the same reasons presented in their previously filed motion. The Court once again granted plaintiffs' motion and extended the deadline to March 9, 2022, for

the limited purpose of adding additional party defendants, as requestd.

Presently, plaintiffs are again seeking leave to amend pleading beyond the scheduling order deadline. As stated *supra*, the deadline to amend pleadings was extended to February 2, 2022. The Court's subsequent extension to March 9, 2022, was for a limited purpose, which plaintiffs now attempt to circumvent by seeking leave to file an amendment that falls outside the realm of what they requested and what the Court previously ordered. Because there was a previous deadline in place, and plaintiffs are once again seeking to extend that deadline to file an amended complaint against RH, plaintiffs should have asserted why good cause existed to grant such a motion.

Further, the presence of a scheduling order deadline "renders the Rule 15 inquiry secondary" to Rule 16(b)(4). *S&W Enterprises, L.L.C.*, 315 F.3d at 536, n.4. The SAC essentially restates conclusory claims. Under the circumstances, granting further leave to amend would be without good cause and futile.

**Plaintiffs Unjust Enrichment Claim**

The Court dismissed the unjust enrichment claim, finding that "plaintiffs cannot succeed in proving the fifth element of the unjust enrichment claim: absence of another remedy at law." Rec. Doc. 44. However, plaintiffs argue that once the Court demonstrated that they could not succeed on either their breach of contract

12

claim or detrimental reliance claim, the Court proved the absence of another remedy at law. Rec. Doc. 45. After review, the Court finds that its decision to dismiss plaintiffs' unjust enrichment claim was proper and consistent with the law in this jurisdiction.

Pursuant to Louisiana Civil Code article 2298, the remedy of unjust enrichment is subsidiary in nature, and "shall not be available if the law provides another remedy." "The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided." *Ryan v. Nat'l Football League, Inc.*, No. CV 19-1811, 2019 WL 3430259, *9 (E.D. La. July 30, 2019) (quoting *Walters v. MedSouth Record Mgmt., LLC*, 2010-0353 (La. 6/4/10), 38 So. 3d 243, 244).When a plaintiff alleges a delictual action or other cause of action, the plaintiff is precluded from seeking to recover under unjust enrichment. *Id.* Moreover, "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.*; *Riley v. Cantrell*, No. CV 19-13950, 2021 WL 2680211 (E.D. La. June 30, 2021) (same); *see also Bureau Veritas Commodities and Trade, Inc., v. Nanoo*, No. 20-3374, 2021 WL 2142466, at *7-8 (E.D. La. May 26, 2021) (same).

First and foremost, plaintiffs' unjust enrichment claim is precluded given they alleged other causes of action, specifically claims for breach of contract and detrimental reliance. Just because plaintiffs were not ultimately successful on those

13

actions, does not mean they can then assert a claim for unjust enrichment. In fact, the reality is quite the opposite, plaintiffs' success on those additional claims are immaterial; instead, the critical determination is whether plaintiffs alleged other remedies at law, which they did. *See Ryan*, 2019 WL 3430259 at *9 (dismissing plaintiffs' claim for unjust enrichment because they alleged other causes of action, even though those additional claims were also dismissed.)

Additionally, regarding the dictum quoted from *Riley*, plaintiffs fail to realize that such "obiter dictum" can be considered persuasive. "Obiter dictum" is defined as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." Obiter dictum, Black's Law Dictionary (10th ed. 2014); *Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 511 n.4 (E.D. La. 2020), *judgment entered*, No. CV 20-1199, 2020 WL 7646640 (E.D. La. Dec. 23, 2020). Therefore, it was well within this Court's discretion to consider the judicial language from *Riley* in its decision.

Furthermore, even if the Court choose to disregard the obiter dictum from *Riley*, and instead rely on *Ryan v. Nat'l Football League, Inc.*, No. CV 19-1811, 2019 WL 3430259 (E.D. La. July 30, 2019), plaintiffs claim would still fail for the same reasons. In *Ryan*, this Court ruled to grant the defendants' motion to dismiss

14

the plaintiffs' claim for unjust enrichment. 2019 WL 3430259 at *9. Like the case at bar, the plaintiffs in *Ryan* pleaded additional causes of action for detrimental reliance, negligent or intentional misrepresentation, and breach of fiduciary duties. *Id.* Although the Court previously held that plaintiffs could not succeed on their additional claims, the court went on to state that "[p]laintiffs' ultimate success on those actions [was] immaterial to a determination of whether [they] [had] stated a claim for unjust enrichment." *Id.* The Court then concluded that because the plaintiffs sought other remedies at law, they were precluded from recovering under the theory of unjust enrichment. *Id.* We do so again now.  Therefore, reconsideration of the prior Order and Reasons is not warranted.[1]

Plaintiffs were given multiple opportunities to amend the complaint to cure pleading deficiencies, to no avail. Specifically, plaintiffs have not supported conclusory claims with sufficient facts about the alleged oral agreement, e.g. whether it contained some method or otherwise to discern what relief, if any, the agreement contemplated for its breach. The complaints and the

---

[1] Plaintiffs are also not entitled to relief under the catchall provision of Rule 60 (b)(6) as there are no extraordinary circumstances that warrant such reconsideration of this Court's previous Order and Reasons. *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (stating while "Rule 60(b) vests wide discretion in courts, ... relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'")); *accord Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019); *see also U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any ... reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule.  Relief under this section, however, is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'")

proposed SAC continue to lack sufficient factual allegations concerning the oral agreement's terms, conditions, and the method of computing damages.

As previously found in the Order and Reasons at issue, the complaints allege an unenforceable agreement under Louisiana law to negotiate a future agreement. Rec. Doc. 44 at pp. 5-16. It and the written agreement did not contain a nondisclosure clause or method of computing a breach of same. None of the complaints assert or attempt to describe the type or method for computing "unpaid computation". The newly presented argument that the latter term generally meant recovery of lost profit does not suffice. Additionally, plaintiffs alleged that the factories and artisans are theirs. In clarification, plaintiffs acknowledged at oral argument having neither ownership interest or operational control over the factories and artisans nor contract with the latter entities that limited their relationship with the defendant.

Accordingly, reconsideration relief is found wanting.

New Orleans, Louisiana this 8th day of April, 2022

_____

SENIOR UNITED STATES DISTRICT JUDGE